IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

MITZY T. MOYE,                                                    *
            Plaintiff;                                       *
                                      *
vs.                                                              *
                                      *
CITY OF DONALSONVILLE, GEORGIA;                                   *
MITCHELL BLANKS, in his individual capacity and                   *
in his official capacity as City Councilman for the City          *
of Donalsonville, Georgia;                                        *
TRAVIS BROOKS, in his individual capacity and                     *
in his official capacity as City Councilman for the City          *
of Donalsonville, Georgia;                                        *
KEM PUGH, in his individual capacity and in his                   *
official capacity as Chief of Police for the City of              *
Donalsonville, Georgia;                                           *
BARBARA BARBER, in her individual capacity and in                 *
her official capacity as Assistant Chief of Police for the        *
City of Donalsonville, Georgia;                                   *
SHELBY GALE, in her individual capacity and in her                *
official capacity as a police officer for the City of             *
Donalsonville, Georgia;                                           *
CHRISTOPHER CRAFT, in his individual capacity                     *
and in his official capacity as investigator for the City         *
of Donalsonville, Georgia;                                        *
JEFFREY HATCHER, in his individual capacity and                   *
in his official capacity as City Manager for the City of          *
Donalsonville, Georgia;                                           *
            Defendants.                                      *

## COMPLAINT

**COMES NOW**, Plaintiff, MITZY T. MOYE (hereinafter "Plaintiff" or "Ms. Moye")

by and through undersigned counsel, and brings this Complaint against the above-styled

Defendants, and in support thereof, shows this Honorable Court the following:

## THE PARTIES

1.      Plaintiff, MITZY T. MOYE, currently is, and was at all times relevant herein, an

elected City Councilwoman for the City of Donalsonville, Georgia; is a bona fide

resident of the State of Georgia, and the County of Seminole; and has so resided for more than six (6) months prior to the filing of this action.

2. The City of Donalsonville is a municipality which serves as the County Seat of Seminole County, Georgia; and consists of more than fifteen (15) employees. The City of Donalsonville can be served with a copy of this Complaint at Donalsonville City Hall, located at 127 East 2nd Street, Donalsonville, Georgia 39845.

3. Defendant, MITCHELL BLANKS (hereinafter "Defendant Blanks"), currently is, and was at all times relevant herein, an elected City Councilman for the City of Donalsonville, Georgia, and is also domiciled in Donalsonville, Seminole County, Georgia. Defendant Blanks is being sued in his individual capacity, and in his official capacity as City Councilman for the City of Donalsonville, Georgia. Defendant Blanks can be served with a copy of this Complaint at his residence, located at 304 Dogwood Avenue, Donalsonville, Georgia 39845; or at his place of business, to-wit: Leon's Cleaners, located at 230 Woolfork Avenue, Donalsonville, Georgia 39845; or anywhere else he may be located.

4. Defendant, TRAVIS BROOKS (hereinafter "Defendant Brooks"), currently is and was at all times relevant herein, an elected City Councilman for the City of Donalsonville, Georgia, and is also domiciled in Donalsonville, Seminole County, Georgia. Defendant Brooks is being sued in his individual capacity, and in his official capacity as City Councilman for the City of Donalsonville, Georgia. Defendant Brooks can be served with a copy of this Complaint at his residence, located at 406 W. Crawford Street, Donalsonville, Georgia 39845; or anywhere else he may be located.

5. Defendant, KEM PUGH (hereinafter "Chief Pugh"), currently is, and was at all times relevant herein, the Chief of Police for the City of Donalsonville Police Department, located in Donalsonville, Georgia; and is also domiciled in Donalsonville, Seminole County, Georgia. Defendant Pugh is being sued in his individual capacity, and in his official capacity as Chief of Police for the City of Donalsonville Police Department. Defendant Pugh can be served with a copy of this Complaint at his residence, located at 5780 St. Matthew St. John Church Road, Donalsonville, Georgia 39845; or at his place of employment, located at 204 S. Woolfork Avenue, Donalsonville, Georgia 39845; or anywhere else he may be located.

6. Defendant, BARBARA BARBER (hereinafter "Assistant Chief Barber"), currently is, and was at all times relevant herein, the Assistant Chief of Police for the City of Donalsonville Police Department, located in Donalsonville, Seminole County, Georgia. Defendant Barber is being sued in her individual capacity, and in her official capacity as Assistant Chief of Police for the City of Donalsonville Police Department. Defendant Barber can be served with a copy of this Complaint at her residence, located at 3995 Leon Barber Road, Donalsonville, Georgia 39845; or at her place of employment, located at 204 S. Woolfork Avenue, Donalsonville, Georgia 39845; or anywhere else she may be located.

7. Defendant SHELBY GALE (hereinafter "Officer Gale"), currently is, and was at all times relevant herein, a Lieutenant employed at the Donalsonville Police Department, located in Donalsonville, Georgia. Defendant Gale is being sued in her individual capacity, and in her official capacity as Sergeant for the City of Donalsonville Police Department. Defendant Gale may be served with a copy of

this Complaint at her place of employment, located at 204 S. Woolfork Avenue, Donalsonville, Georgia 39845, or anywhere else she may be located.

8. Defendant CHRISTOPHER CRAFT (hereinafter "Investigator Craft"), was at all times relevant herein, an Investigator for the City of Donalsonville Police Department, located in Donalsonville, Seminole County, Georgia. Defendant Craft is being sued in his individual capacity, and in his official capacity as Investigator for the City of Donalsonville Police Department. Defendant Craft can be served with a copy of this Complaint at his residence, located at 21179 Lucile Road, Blakely, Early County, Georgia 39823, or anywhere else he may be located.

9. Defendant JEFFREY HATCHER (hereinafter "City Manager Hatcher"), currently is, and was at all times relevant herein, the City Manager for the City of Donalsonville, located in Seminole County, Georgia. Defendant Hatcher is being sued in his individual capacity, and in his official capacity as City Manager for the City of Donalsonville, Georgia. Defendant Hatcher can be served with a copy of this Complaint at Donalsonville City Hall, located at 127 E. Second Street, Donalsonville, Georgia 39845, or anywhere else he may be located.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action, pursuant to 42 U.S.C. § 1983.

11. Venue is proper in this Court, as all events occurred in, and each Party named herein is domiciled and/or is/was employed by a governmental entity in Donalsonville, Seminole County, Georgia, which lies within the confines of the Middle District of Georgia.

## NOTICE OF CLAIM

12.    Pursuant to Official Code of Georgia, Annotated, Title 36, Chapter 33, Section 5, within six (6) months of the happening of the event upon which a claim against a municipal corporation is predicated, Plaintiff Moye served notice of her claim(s), in writing, upon the governing authority of the municipal corporation for adjustment, stating the time, place, and extent of the injury and, as nearly as was practicable, the facts which caused her injuries. Said Ante Litem Notice having been sent on December 18, 2023.  Over thirty (30) days have elapsed since the service of said notice, and this matter has not been settled.

## FACTS SPECIFIC TO MORE THAN ONE COUNT

13.    Plaintiff hereby realleges and incorporates herein, Paragraphs 1 through 12, above, as if fully set forth, here.

14.    On August 01, 2023, Councilwoman Mitzy T. Moye (hereinafter "Moye"), was personally served with a "Notice of Hearing" by the City of Donalsonville Ethics Board (hereinafter "Ethics Board"). The Notice provided that a hearing would be held before the Ethics Board on August 14, 2023, at 5:30PM, in the Council Chambers located at 127 E. 2nd Street, Donalsonville, Georgia. The Notice served upon Moye advised that there was a "Statement of Complaint," attached, which ostensibly served as the allegations asserting ethics violations supposedly committed by Moye in her official capacity as City Councilwoman. However, the attached document was merely a written report of a "police officer," to-wit: Joseph Williams, Jr., who was at the time, a cadet employed by the City of Donalsonville Police Department. The "Statement of Complaint" contained no formal allegations

and did not inform Moye of the allegations against her, as required by Section 23.7 of the City Charter[1]. A true and correct copy of the Notice of Hearing and attached "Statement of Complaint" is attached hereto and incorporated herein, as "Exhibit 1."

15.    On August 07, 2023, Moye, by and through counsel, filed a Motion to Dismiss the "Statement of Complaint," served upon her by the Ethics Board. Notwithstanding the fact that the Board of Ethics is tasked with examining and cross-examining witnesses for determination of the veracity of any Complaint before it, and any aggrieved party thereafter has the ability to appeal any adverse decision to the Superior Court of Seminole County, Moye's Motion to Dismiss was completely ignored and the City refused to hear or consider it.

16.    Prior to the August 14, 2023, hearing, the Ethics Board ceased to exist, due to one of its three (3) members resigning in light of the clearly personal and political attack being perpetuated against Moye by certain members of the Donalsonville City Council, Police Department, and Administration. The August 14, 2023, hearing was therefore postponed.

17.    On October 03, 2023, at the regularly-scheduled Donalsonville City Council Meeting, a third person still had not been obtained to fill the vacancy on the Ethics Board and; upon suggestion of Defendant Blanks, and subsequent motion by Councilwoman Flossie Smith, the City Council voted to proceed with the allegations against Moye as a "Charter Violation," instead of an Ethics Violation. Thereafter, Defendant Blanks and Councilman Travis Brooks were nominated and

---

[1] The Donalsonville City Charter/Code of Ordinances can be found at:
https://library.municode.com/ga/donalsonville/codes/code_of_ordinances?nodeId=13006.

agreed to serve as the two (2) members of an "Investigative Committee," that would be tasked with interviewing witnesses and recommending a course of action to the City Council. A true and correct copy of the Official Minutes of the Donalsonville City Council Meeting, held on October 03, 2023, is attached hereto and incorporated herein, as "Exhibit 2."

18.    The Investigative Committee was established illegally, by nothing more than a mere vote of the City Council, rather than by the mandatory requirements and processes set forth in the City Charter. Thus, the entire course of action, taken by the City Council was purely an unlawful and ultra vires action. A true and correct copy of Article II, Section 2.15 and Article III, Section 3.11 of the Donalsonville City Charter, are attached hereto and incorporated herein, as "Exhibit 3" and "Exhibit 4," respectively.

19.    On November 22, 2023, the ill-formed Investigative Committee convened at Donalsonville City Hall and received testimony from its first witness, Donalsonville Police Officer Joseph Williams, Jr. (hereinafter "Officer Williams").

20.    Officer Williams was sworn and; prior to any questions being asked of him, Officer Williams requested that he be able to read a statement to the ill-formed Investigative Committee. His request was granted.

21.    Officer Williams then made several damning disclosures to the ill-formed Investigative Committee that should have ended any and all inquiry into any alleged "ethics" or "charter" violations levied against Moye, to-wit:

      i.    The report being used as a "Statement of Complaint," was not written by Officer Williams;

ii.    Officer Gale re-wrote Officer Williams' original incident report at the direction of and with the assistance of Chief Pugh, Assistant Chief Barber, and Investigator Craft, who were all instructed to do so by City Manager Hatcher;

iii.    Chief Pugh forced Officer Williams sign the revised, fabricated report—at the time he signed, he felt he had no choice but to sign it;

iv.    Officer Williams had no knowledge that his incident report (or a manipulated version thereof) was going to be used in an attempt to oust Moye from the City Council;

v.    Officer Williams had no knowledge that his incident report (or a manipulated version thereof) was going to be published in The Donalsonville News;

vi.    Officer Williams did not know who Moye was, and that because of that fact, he never named Moye in his original report;

vii.    Officer Williams could not definitively conclude that Moye was the person he encountered on the date in question, referenced in his report[2]; and

viii.    That the allegations in the manipulated report that Officer Williams was forced to sign were patently false.

---

[2] Officer Williams, further, could not identify Moye at the hearing on November 22, 2023, when asked by the members of the Investigative Committee, notwithstanding Moye being present in the same room at the same time.

A true and correct copy of Officer Williams' original statement, as well as the altered statement he was forced to sign, are attached hereto and incorporated herein, as "Exhibit 5" and "Exhibit 6," respectively.

22. Notwithstanding the foregoing revelations provided by Officer Williams, above, Defendant Blanks insisted on moving forward with the prosecution of Moye, even based on the report that he knew and/or should have known was absolutely false.

23. At no time was Moye ever allowed to cross-examine any witnesses, bring any witnesses on her behalf; nor was she even allowed to be present, notwithstanding having received notice to attend.

24. After the November 22, 2023, meeting of the ill-formed Investigative Committee, another date was set for additional questioning of Officer Williams and of Moye, being held on December 13, 2023.

25. At that time, the members present were informed of the procedural and fatal flaws in forming their committee, all of which rendered the actions taken up to and after that date moot, baseless and completely ultra vires acts.

26. Notwithstanding having been given the knowledge of the requirements under the City Charter that negated any authority or action of the ill-formed Investigative Committee, said committee issued a Resolution on December 22, 2023. A true and correct copy of the Resolution is attached hereto and incorporated herein, as "Exhibit 7," summarizing its findings and directing further action by the City Council and for remedial action on the part of Moye.

27. Interestingly, the ill-formed Investigative Committee did not issue its final report until December 23, 2023; a day after tendering its resolution of findings. A true

and correct copy of the Final Report to the Mayor and Council is attached hereto and incorporated herein, as "Exhibit 8."

28. Thereafter, on or about March 07, 2024, Defendant Blanks maliciously caused the entire report, replete with mis-stated facts and untruths regarding Moye, and knowing the absolute falsities contained therein, to be printed in the legal organ of Seminole County, Georgia, to-wit: The Donalsonville News. A true and correct copy of the publication is attached hereto and incorporated herein, as "Exhibit 9."

29. Moye was never subpoenaed, nor allowed to give her own testimony at any time during the processes recounted in the above-stated facts.

## COUNT ONE

## DUE PROCESS VIOLATIONS AGAINST THE CITY OF DONALSONVILLE, GEORGIA.

30. Plaintiff hereby incorporates Paragraphs 1 through 29, above, as if fully set forth, here.

31. The City of Donalsonville began their witch hunt with an improperly filed, unsworn statement of a cadet in training, regarding what he perceived as simply an irritated citizen, complaining of an incident involving animal cruelty, abuse, and neglect.

32. The purported complaint served on Moye was devoid of any formal allegations and did not put Moye on notice of any alleged misconduct.

33. The City Council illegally and without authority formed an investigative committee to conduct hearings and investigations without affording Moye the basic due process rights pertaining to defending herself, such as the ability to cross-examine witnesses against her and the ability to testify on her own behalf. Further, Moye's

counsel was advised that she could not have a court reporter present to transcribe any questioning of herself, or any witnesses against her, notwithstanding her ability to appeal any adverse decision to the Superior Court of Seminole County, Georgia.

34. The malicious failure of the City to provide any of the basic fundamental due process rights to Moye throughout its investigation violated all notions of fundamental fairness and equal justice provided by the Fifth and Fourteenth Amendments to the United States Constitution.

35. As a result of the City's unconstitutional actions, Moye suffered emotional distress, mental anguish, and public humiliation for which the City is liable.

## COUNT TWO

## VIOLATIONS OF THE CITY CHARTER

36. Plaintiff hereby incorporates Paragraphs 1 through 35, above, as if fully set forth, here.

37. All actions taken by the City herein were not only illegal under its own Charter, but were utilized for the sole purpose of maliciously harassing, embarrassing, and intimidating Moye in an effort to either remove her from the City Council or cause her to resign.

38. As a result of the City's illegal actions, Moye suffered emotional distress, mental anguish, and public humiliation for which the City is liable.

## COUNT THREE

### ABUSE OF PROCESSS

39. Plaintiff hereby incorporates Paragraphs 1 through 38, above, as if fully set forth, here.

40. The City substantially deviated from the provisions of the City Charter in an effort to circumvent the required procedures dictated by the City Charter for the actions they sought to take, and in a concerted effort to usurp its lawful provisions and illegally remove Moye from the City Council or force her to resign.

41. These actions were taken maliciously, purposefully and with the intent set forth in Paragraph 40, above.

42. As a result of the City's illegal actions, Moye suffered emotional distress, mental anguish, and public humiliation for which the City is liable.

## COUNT FOUR

### LIBEL

43. Plaintiff hereby incorporates Paragraphs 1 through 42, above, as if fully set forth, here.

44. Defendant Blanks and Defendant Brooks maliciously published, on December 22, 2023, a "Resolution of the Investigative Committee," (hereinafter the "Resolution") which states that its findings detailed in its final report found Moye to have been in violation of the City Charter, specifically Section 2.31.

45. Defendant Blanks and Defendant Brooks signed the Resolution and maliciously submitted it to become public record.

46. Defendant Blanks and Defendant Brooks maliciously published, on December 23, 2023, a "Final Report to the Mayor and City Council," (hereinafter the "Final Report") (from which the ill-formed Investigative Committee based its Resolution from the prior date) which outlined its findings, many of which were biased, known to be false, and based on the desire to remove or force the resignation of Moye.

47. Defendant Blanks and/or Defendant Brooks maliciously caused the Resolution and the Final Report to be published in The Donalsonville News, the legal organ for Seminole County, Georgia, in an effort to further harass, embarrass, and intimidate Moye.

48. As a result of the Defendant Blanks' and Defendant Brooks' malicious and tortious actions, Moye suffered emotional distress, mental anguish, and public humiliation for which they are each individually liable.

## COUNT FIVE

### CONSPIRACY TO ILLEGALLY REMOVE AN ELECTED OFFICIAL

49. Plaintiff hereby incorporates Paragraphs 1 through 48, above, as if fully set forth, here.

50. Defendants Pugh, Barber, Gale, Craft, Hatcher, and Blanks all maliciously conspired to utilize the provisions of the City Charter for ulterior and malicious means—to remove Moye or cause or force her to resign from the City Council.

51. Defendants Pugh, Barber, Gale, Craft, Hatcher, and Blanks maliciously caused the initial report of then-cadet Joseph Williams, Jr., to be manipulated and materially altered to paint Moye in a false light in furtherance of their conspiracy.

52. At the direction of Defendant Blanks, Hatcher instructed Defendants Pugh, Barber, Gale, and Craft to re-write then-cadet Joseph Williams, Jr.'s, incident report to falsely implicate Moye in wrongdoing.

53. Defendants Pugh, Barber, Gale, and Craft, at the direction of Defendant Hatcher, did in fact re-write then-cadet Joseph Williams, Jr.'s, incident report to falsely implicate Moye in wrongdoing.

54. All of Defendants Pugh, Barber, Gale, Craft, Hatcher, and Blanks knew or should have known that their actions not only constituted the falsification of documents, but also would likely cause emotional distress, mental anguish, and humiliation to Moye.

55. All of said Defendants' actions were accomplished maliciously, recklessly, and with wonton disregard, and under color of law.

56. Defendant Pugh utilized his position as Chief of Police to intimidate then-cadet Joseph Williams, Jr., into signing the falsified, re-written report.

57. As a result of the Defendants' Pugh, Barber, Gale, Craft, Hatcher, and Blanks' malicious and tortious actions, Moye suffered emotional distress, mental anguish, and public humiliation for which they are each individually liable.

**WHEREFORE,** Plaintiff Moye prays:

i. That the Court enter judgment in Plaintiff's favor and against the City and Defendants, jointly and severally, for their violations of 42 U.S.C. § 1983, in depriving Plaintiff of her Due Process Rights under the United States Constitution and the Constitution of the State of Georgia;

ii.   That the Court enter judgment in Plaintiff's favor and against the City and Defendants, jointly and severally, for their willful and malicious violations of the City Charter for the City of Donalsonville;

iii.  That the Court enter judgment in Plaintiff's favor and against the City and Defendants, jointly and severally, for their willful and malicious violation(s) of O.C.G.A. § 51-7-81 (abuse of process);

iv.   That the Court enter judgment in Plaintiff's favor and against the City and Defendants, jointly and severally, for their willful and malicious violation(s) of O.C.G.A. § 51-5-1 (libel) against Plaintiff;

v.    That the Court enter judgment in Plaintiff's favor and against the City and Defendants, jointly and severally, for their willful and malicious conspiracy to illegally remove Plaintiff from the City Council for the City of Donalsonville;

vi.   That Plaintiff be given a trial by jury of all claims so triable by a jury of not less than twelve (12) persons;

vii.  That Plaintiff recover any and all other, different or additional damages, expenses, costs and relief (legal, equitable, declaratory, or remedial) to which she may be entitled by virtue of the facts and cause(s) of action alleged herein, above, consistent with the federal and state statutes and regulations, the federal and state common laws, and the interests of equity and justice;

viii. That Plaintiff be awarded attorney's fees and costs of this action pursuant to Georgia law. See, O.C.G.A. §§ 13-6-11, 9-15-14, and 33-4-6;

ix.   That Plaintiff be awarded such additional and/or other relief as may be appropriate and just; and

x.    Plaintiff hereby reserves the right, if appropriate, pursuant to Fed. R. Civ. P. 15 or otherwise, to amend or supplement this lawsuit based on additional facts or circumstances not now reasonably apparent, or to be revealed by any discovery to be conducted herein; and/or to add any party-defendant(s) necessary to afford complete relief to Plaintiff.

**RESPECTFULLY SUBMITTED,** this ___31st___ day of July, 2025.


_____
**WILLIAM M. SHINGLER, JR.**
Attorney for Plaintiff
Georgia State Bar No.: 193015

**SHINGLER LAW, LLC**
226 Cherry Street
Donalsonville, Georgia 39845
Tel: 229.524.1225
Billy@Shingler.Law

_____
**ERIC L. GAY**
Attorney for Plaintiff
Georgia State Bar No.: 852357

**LAW OFFICE OF ERIC L. GAY, LLC**
205 West Water Street
Bainbridge, Georgia 39817
Tel: (229) 248-0059
egay@sowegalaw.com